UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MIKEAL GLEN STINE** | : | **CIVIL ACTION NO. 2:14-cv-451** |
| **FED. REG. NO. 55436-098** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **FEDERAL BUREAU OF PRISONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Mikeal Stine ("Stine"). This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Stine is currently incarcerated at the United States Penitentiary, in Florence, Colorado (hereafter "USPF"). He complains about actions of the Federal Correctional Institute in Oakdale, Louisiana (hereafter "FCIO"). Stine names the Bureau of Prisons (hereafter "BOP"), and the Warden and Assistant Warden of FCIO as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

-2-

# I.
## Background

Stine, a former gang member serving time for attempted murder, states that FCIO refused to accept his requested transfer into its facility. Doc. 1, p. 4. Specifically, he claims that due to his cooperation with the government, he has been "green lit" which means that other gang members have been ordered to kill him. *Id*. Given the threat of being assaulted or killed, Stine states that USPF requested his transfer to the residential housing unit at FCIO. *Id*. According to Stine, FCIO refused to take him because of his extensive history of filing lawsuits. Doc. 1, p. 7.

As relief for the above, Stine seeks compensatory and punitive damages for unspecified injuries as well as injunctive relief in the form of a transfer to FCIO. Doc. 1, p. 8.

# II.
## Law and Analysis

**A.** *Screening*

Stine has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.[1] Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a

---

[1] Stine admits that he has had three strikes as defined by 28 U.S.C. § 1915(g), however, because of Stine's allegations of imminent danger this court allowed him to proceed *in forma pauperis* in this matter.

complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. Bivens Action

According to the Fifth Circuit, a *Bivens* action is "analogous to an action under §1983 – the only difference being that §1983 applies to constitutional violations by state, rather than federal, officials." *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). Section 1983 and *Bivens* proscribe conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable *Bivens* claim. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

#### 1. Improper Defendant--BOP

A plaintiff may bring a *Bivens* action against individual officers for an alleged constitutional violation, but he may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity. *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir.2004); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Thus, to the extent that Stine attempts to name the BOP, a federal agency, as a defendant, he cannot maintain a *Bivens* action against it.

#### 2. Transfer Request

Likewise, Stine's allegation that the defendants have not permitted him to transfer to FCIO is insufficient to state a claim under section 1983. It is well-settled that an inmate does not

have a constitutionally protected right to serve a sentence in any particular institution or to be transferred from one facility to another. *Olim v. Wakinekona,* 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison. ... The conviction has sufficiently extinguished the [inmate's] liberty interest to empower the State to confine him in any of its prisons.")(emphasis original); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) ("a prisoner has no liberty interest in being housed in any particular facility"); *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

The Bureau of Prisons has sole discretion to determine where a federal inmate will be housed. 18 U.S.C. § 3621(b). Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, petitioner has not stated a cognizable claim for relief. *See Fuselier v. Mancuso,* 2009 WL 890476 at *3 (W.D.La. 2009) (citing *Olim,* 461 U.S. at 238).

Therefore, no constitutional rights are implicated by Stine's allegations that his request for a transfer was denied. Accordingly, this action should be dismissed.

### III.
### *Conclusion*

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE